UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID IRWIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    4:18-cv-00707 JCH |
| | ) |
| ST. ANN POLICE DEPT., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff David Irwin for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the financial information contained within the motion to proceed in forma pauperis (Docket No. 2), the Court has determined that plaintiff is unable to pay the filing fee. Consequently, the motion will be granted. U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will dismiss the complaint, without prejudice.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

Pro se complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

### The Complaint

Plaintiff seeks monetary damages pursuant to 42 U.S.C. § 1983 against defendant St. Ann Police Department. Plaintiff claims that defendant illegally condemned his home. (Docket No. 1 at 5). He further states that they "beat me" and "Taze[d] me" and "put dogs on me." *Id*. He also claims defendant caused property damage by "constantly" kicking his doors, breaking his windows, destroying his personal property, and breaking his TVs. *Id*. Plaintiff seeks $40,000 for "damages and harassment."

### Discussion

Plaintiff's claims against the St. Ann Police Department are legally frivolous and will be dismissed. The St. Ann Police Department is a municipal department of St. Ann, Missouri, and is not an entity that can be sued under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (entities such as a police department are simply departments or subdivisions of city government, and "not juridical entities, suable as such"); *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("county jails are not legal entities amenable to suit"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (sheriff's departments and police departments are not usually considered legal entities subject to suit under § 1983). Accordingly, the claims made against the St. Ann Police Department must be dismissed.

Even if the Court were to construe the complaint as one against the municipality of St. Ann, and substitute it as the defendant, the claims still fail. A local governing body can be sued directly under § 1983. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690 (1978). However the allegedly unconstitutional action must be one that "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's

3

officers." *Id*. Here, plaintiff fails to allege any facts linking the municipality's "policy or custom" with the alleged constitutional violations.

Nothing else in plaintiff's claim suffices to state a cause of action. Plaintiff does not allege what each defendant did or did not do to harm him. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Indeed, he does not state any facts that might allow for an identification of an individual defendant, such as a name, rank, or description. Further, he does not allege whether the defendant or defendants were acting in an individual or official capacity. A defendant who does not include an "express statement" that he is suing defendants in their individual capacities are presumed to be suing the defendants in their official capacities. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). A plaintiff suing public employees in their official capacity sues only the public employer and must allege the municipality's liability. *Id*. As noted above, plaintiff fails to allege facts pertaining to municipal liability.

Plaintiff's claim fails to state any facts to show when or where he suffered the alleged harms. Moreover, he fails to specify whether these unnamed defendants were acting under color of state law. *See Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 ("Section 1983 creates a cause of action against a person acting under color of any statute of any state who deprives another of a federally protected right…Only state actors can be held liable under Section 1983"). Due to these deficiencies, plaintiff's complaint fails to state a claim and must be dismissed.

Last, plaintiff has filed a motion to appoint counsel. (Docket No. 3). The Court will deny plaintiff's request as moot, given the fact that plaintiff's claims in this matter are being dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is subject to dismissal for failure to state a claim and/or because it is legally frivolous subject to 28 U.S.C. § 1915(e)(2)(B). A separate Order of Dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED AS MOOT**.

Dated this 22nd day of May, 2018.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE